**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| BLAKE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CHRYSLER CAPITAL LLC, PATRICK K. WILLIS, COMPANY, INC. D/B/A AMERICAN RECOVERY SERVICE, AND HENDERSON RECOVERY INC.,<br><br>Defendants. | Case No. _______________<br><br>Judge:<br><br>Magistrate Judge:<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff Blake Williams brings this action against Defendants Chrysler Capital LLC (“Chrysler”), Patrick K. Willis, Company, Inc. D/B/A American Recovery Service (“PKW”), and Henderson Recovery Inc. (“Henderson”) pursuant to the Fair Debt Collection Practices Act (“FDCPA”), 15 U.S.C. § 1692 *et seq*., and Article 9 of the Tennessee Uniform Commercial Code, Tenn. Code § 47-9-101 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff’s action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff is a natural person allegedly obligated to pay a debt.

5. Plaintiff is a “consumer” as defined by 15 U.S.C. § 1692a(3).

6. Chrysler is a company that regularly purchases consumer paper in the form of automobile loans.

7. PKW is a California corporation that does business in Tennessee.

8. At all relevant times, PKW was acting as a repossession agent working at the behest of Chrysler.

9. At all relevant times, PKW was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

10. PKW is "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Henderson is a Tennessee corporation.

12. At all relevant times, Henderson was acting as a repossession agent working at the behest of Chrysler.

13. At all relevant times, Henderson was a person using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

14. Henderson is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15. On July 9, 2020, Plaintiff purchased a 2016 Dodge Charger (the "Vehicle") from a non-party, Dothan Chrysler Dodge, Inc.

16. Plaintiff purchased the Vehicle for his own personal, family, and household use.

17. The Vehicle constitutes "consumer goods" as defined by Tenn. Code § 47-9-102(a)(23).

18. Plaintiff financed the purchase of the Vehicle.

19. In connection with the transaction, Plaintiff executed a loan agreement ("the Contract"), which granted the seller and its assignees a security interest in the Vehicle.

20. The Vehicle constitutes "collateral" as defined by Tenn. Code § 47-9-102(a)(12).

21. After the Contract was executed, it was assigned to Chrysler.

22. Chrysler is a "secured party" as defined by Tenn. Code § 47-9-102(a)(73).

23. Sometime later, Chrysler engaged its repossession agent, PKW, to repossess the Vehicle.

24. PKW in turn hired Henderson to carry out the actual repossession.

25. On September 13, 2023, Plaintiff was sitting in the Vehicle in Memphis, Tennessee.

26. At this time, Henderson located the Vehicle and attempted to repossess it.

27. While Plaintiff was in the Vehicle, Henderson collided with it, forced a tow bar under the Vehicle, and lifted the Vehicle while Plaintiff occupied it.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692f(6)(A)**
**HENDERSON AND PKW**

28. Plaintiff repeats and re-alleges each factual allegation contained above.

29. Tennessee law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Tenn. Code § 47-9-609(b)(2).

30. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

31. A repossession agent's use of force is a breach of the peace.

32. By colliding with the Vehicle and lifting it while Plaintiff occupied it, Henderson used force on the body of Plaintiff.

33. By using force on the body of Plaintiff during its repossession, Henderson breached the peace.

34. A repossession agent's breach of the peace negates a right to possession.

35. By continuing with the repossession after it lost the right to do so, Henderson violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

36. PKW, as the debt collector that hired Henderson, is liable for its FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Henderson violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that PKW is liable for Henderson's FDCPA violation;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF TENN. CODE § 47-9-609(b)(2)**
**CHRYSLER**

37. Plaintiff repeats and re-alleges each factual allegation contained above.

38. Tennessee law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Tenn. Code § 47-9-609(b)(2).

39. However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

40. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

41. Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral.

42. Chrysler's repossession agent, Henderson, breached the peace by using force on the body of Plaintiff during the repossession.

43. Chrysler violated Tenn. Code § 47-9-609(b)(2) when its repossession agent, Henderson, breached the peace to repossess Plaintiff's Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Chrysler violated Tenn. Code § 47-9-609(b)(2);

b) Awarding Plaintiff statutory damages, pursuant to Tenn. Code § 47-9-625(c)(2);

c) Awarding Plaintiff actual damages, pursuant to Tenn. Code § 47-9-625(c)(1);

d) Awarding Plaintiff exemplary damages;

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

44. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 23, 2024.

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff